CULPEPPER, Judge.
This wrongful death action was previously decided by us, 342 So.2d 696 (La.App. 3rd Cir. 1977). We affirmed the trial court decision that the bridge on which the accident occurred was not a public bridge, and, therefore, the defendant police jury had no duty to maintain it. We did not reach the issue of the jury’s negligence. Our Supreme Court granted writs, reversed our decision, held the bridge is a public bridge and remanded the case to us to consider the issue of negligence, 351 So.2d 113 (1977).
The general facts as to the nature and location of the bridge and as to the occurrence of the accident are set forth in our original opinion. We will not repeat them here.
While we did not discuss the issue of negligence in our earlier opinion, the Supreme Court noted that the trial court had done so. We quote from the Supreme Court opinion: “Furthermore, he (the trial judge) held that plaintiff had not proved negligence or liability on the part of defendant because (1) inspection of the broken parts of the bridge revealed that the timbers were solid, not rotten, (2) the police jury had no knowledge of any defect, and (3) the bridge had been inspected over a month before the accident by the police juror who had responsibility for roads and bridges in his ward, and appeared to be in good shape.”
In his written reasons for judgment, 66 pages in length, the trial judge discusses in detail the testimony of the witnesses on which he based these factual findings. We have carefully reviewed the record and find it fully supports them.
Under the findings of fact, there are no issues of law.
For the reasons assigned, we find no negligence or liability by defendant. The judgment rejecting plaintiffs’ demands is affirmed. All costs of this appeal are assessed against the plaintiffs-appellants.
AFFIRMED.