380 So.2d 1240 (1980)
Austin TRAHAN, Plaintiff-Appellant,
v.
Isaac FONTENOT et al., Defendants-Appellees.
No. 7420.
Court of Appeal of Louisiana, Third Circuit.
January 30, 1980.
Rehearing Denied March 19, 1980.
Henri C. Billon, Rayne, for plaintiff-appellant.
Edwards, Stefanski & Barousse, Homer Ed Barousse, Jr., Crowley, Philip J. Chappuis, II, Crowley, for defendant-appellee.
Before FORET, CUTRER and DOUCET, JJ.
FORET, Judge.
Plaintiff brought this action to enjoin the defendants, Isaac Fontenot and the Acadia Parish Police Jury, from interfering with the plaintiff's use of a gravel road, and to have the road declared public by virtue of LSA-R.S. 48:491.[1]
*1241 The trial court determined that the road was public except for the final fifteen feet west of the eastern boundary of the property line between the plaintiff and the defendant.
The disputed road is located in Acadia Parish approximately one-half mile east of Rayne, Louisiana. It runs in an easterly direction from a black-topped parish road along the southern boundary of defendant's property for a distance of approximately six hundred fifty feet. It then abuts the western boundary of plaintiff's property.
Defendants stipulated at trial that approximately five hundred seventy feet of the road was public by virtue of maintenance by the Acadia Parish Police Jury. At issue herein is whether or not the remaining portion of the road, approximately seventy-five feet, running from the area which was stipulated as public, to the plaintiff's property, has been converted into a public road by police jury maintenance.
Mr. Dolphy Hanks, a former employee of the Acadia Parish Police Jury, testified that he operated a grader on the section of road in question periodically for three-and-a-half years. He stated that the disputed portion of the road was completely graveled up to the fence, and that he graded the road three or four times a year. The following testimony was elicited from Mr. Hanks:
"Q. When you graded that road, approximately how far would you stop with your blade because of the machinery?
A. Do you mean from the gate?
Q. Yes, from the east side of(interrupted)
A. Well, I'll put it this way. I'd say that about ten feet or twelve feet. When your front wheel hit the fence, now your blade don't get there, so that you've got between ten feet or twelve feet. I put it like that."
William J. Breaux testified that he also worked as a road grader operator on the road for about six-and-a-half years. He also stated that the disputed portion of the road was completely graveled up to the fence and that he graded the road two or three times a month. He, like Mr. Hanks, testified that he would grade the road all the way up to the end saving and except the last fifteen feet which the grader could not grade due to its design, the blade being set back approximately ten to twelve feet from the front wheels.
Mr. Austin Trahan testified that he did place gravel on the disputed seventy-five foot section; however, the gravel was placed in a hole in order that Mr. Trahan could enter his property. Mr. Isaac Fontenot testified that he had in fact dug a hole approximately eight feet deep and ten feet wide in an attempt to prevent Mr. Trahan from using the disputed portion of the road. However, Mr. Trahan did in fact state that he put no gravel on the road except that gravel used to fill the hole dug by Mr. Fontenot.
The trial court held that the disputed portion of the seventy-five feet was public except for the final fifteen feet. In so holding, the trial court stated:
"Several former and present employees of the Acadia Parish Police Jury testified that they did operate a road grader over the property at various times and at such regular intervals as to keep the road passable. There was further testimony that there was gravel and shells placed on the road. The testimony of the operators of the Police Jury equipment was to the effect that in the use of the road maintainer it was impossible to grade all the way to the property of the plaintiff as the balde [sic] of their equipment was about fifteen (15') feet from the rear wheels and that when the rear wheels reached the gate that they stopped and *1242 turned around and that they never went with their equipment beyond the fence or the gate."
On the merits, the sole question before this Court is whether the trial court erred in holding that the final fifteen feet of the roadway in question had not been tacitly dedicated to public use pursuant to LSA-R.S. 48:491. We hold that the final fifteen feet of the road was in fact dedicated to public use and in so doing, reverse the trial court.
The defendants called several witnesses who were of the opinion that the road in question was a private road. It is undisputed that some of the work done on the road was done by private individuals. Evidently the defendant, Fontenot, considered that the furnishing of parish labor and materials was in the nature of a personal favor rather than being a working or maintenance of the road.
However, Fontenot was aware of the work and maintenance being done on the road by the police jury and never entered a protest. Although the work and maintenance performed by the police jury may not have constituted a large outlay of labor and capital, it was nevertheless evident that the parish contributed substantially to the major portion of the maintenance of the road for a period in excess of three years.
There was some testimony elicited during the trial which would tend to indicate that certain individuals employed by the police jury and other witnesses called on behalf of the defendant were of the opinion that this road was a private or farm road. However, our courts have uniformly applied this statute to roads which the police jury itself refuses to recognize as public. Latour v. Dupuis, 164 So.2d 620 (La.App. 3 Cir. 1964). Likewise, our courts have consistently applied this statute to roads maintained by public authority, even when no real public purpose is served thereby, as when only one person or family utilizes the road as a driveway to his property. Strickland v. Stafford, 322 So.2d 893 (La.App. 1 Cir. 1975); Curtis v. Goebel, 101 So.2d 462 (La.App. 1 Cir. 1958).
It is of no moment that Mr. Trahan was the only person using the disputed portion of the road or that he had another access to his property. The sole issue is whether or not Mr. Fontenot allowed, without objection, the State, Parish, or an agency thereof, to maintain the road for a period in excess of three years, thereby dedicating the road to the public pursuant to LSA-R.S. 48:491. As stated before, we hold that the entire seventy-five foot portion of the road known as "Fontenot Street" is public within the meaning of the statute. Obviously, the only reason that the last fifteen feet of the road was not graded was that it was physically impossible at the time that the road was worked to grade this last portion. Additionally, we note that this road would be of absolutely no use to Mr. Trahan without the last fifteen feet.
Having found that all the requisites were met for a tacit dedication pursuant to LSA-R.S. 48:491, we hold the entire disputed seventy-five foot section of the road to be public.
For the above and foregoing reasons, the judgment of the trial court is reversed.
All costs are taxed against the defendant-appellee, Isaac Fontenot.
REVERSED.
NOTES
[1] § 491. What are public roads

All roads or streets in this state that are opened, laid out or appointed by virtue of any act of the legislature or by virtue of an order of any parish governing authority in any parish, or any municipal governing authority in any municipality, or which have been or are hereafter kept up, maintained or worked for a period of three years by authority of any parish governing authority in its parish or by authority of any municipal governing authority in its municipality shall be public roads or streets as the case may be. Also all roads or streets made on the front of their respective tracts of lands by individuals when the lands have their front on any of the rivers or bayous within this state shall be public roads when located outside of municipalities and shall be public streets when located inside of municipalities. As amended Acts 1954, No. 639, § 1.