385 So.2d 860 (1980)
Dan Edward FORE and the Estate of Willie Fore, Plaintiffs-Appellees,
v.
Tollie VOLENTINE and Mahlon Volentine, Defendants-Appellants.
No. 14152.
Court of Appeal of Louisiana, Second Circuit.
June 10, 1980.
Simmons & Derr by Jacque D. Derr, Winnfield, for defendants-appellants.
Cameron C. Minard, Columbia, for plaintiffs-appellees.
Before HALL, MARVIN and JONES, JJ.
HALL, Judge.
Defendants-appellants, Tollie Volentine and Mahlon Volentine, appeal from judgment of the district court declaring a road running through their property to be public, ordering them to restore such road to a passable condition and ordering them to desist from further interfering with its maintenance, use, and passage. Plaintiffs-appellees, Dan Edward Fore and the heirs of Willie Fore, answer the appeal, seeking to have the judgment amended to state that the highway number of the blacktop road from which the disputed dirt road runs to the property of the appellees is Louisiana Highway No. 849 instead of Louisiana Highway No. 128 as it appears in the trial court's judgment. Judgment was also rendered against defendant, Caldwell Parish Police Jury, but the Police Jury did not appeal.
We amend and, as amended, affirm.
The road in dispute is a rural dirt road located in Caldwell Parish, running from Louisiana Highway No. 849 across the land *861 of appellants and others not parties to the suit, and ending on land owned by appellee. The Caldwell Parish Police Jury originally built the road with parish funds approximately 40 years ago. The police jury also constructed a creosote piling bridge at a point where the road crosses a creek and installed an 18-inch culvert. The road was regularly maintained in the manner generally associated with this type of road in that area. Maintenance included grading, "pulling" the ditches and clearing the culvert of debris. It is undisputed that the maintenance occurred at least once a year, ceasing approximately eight years prior to the filing of this suit. Approximately five years prior to the filing of this action, the Volentines constructed a fence across the road. In 1977 and 1978 the road was plowed and soybeans were planted in the roadbed by the Volentines' lessee.
The trial court found that since this road was constructed by the police jury with public funds and maintained in excess of three years it was tacitly dedicated and became public by virtue of LSA-R.S. 48:491.[1] The court further found that the road was used by the public until it was blocked by plaintiffs and had not lost its public character due to abandonment or 10-years nonusage.
Appellants specify that the trial court erred (1) in holding that there was sufficient maintenance of the road by the police jury to render the road public under the provisions of LSA-R.S. 48:491; (2) in finding that there had been public use of the road within 10 years prior to trial and in holding that the rights of the public had not been lost by nonuse under Civil Code Article 753;[2] and (3) in finding there had not been a well-established intention on the part of the police jury to abandon the road.
The evidence establishes that the road, including a bridge and culvert, was constructed by the police jury with public funds. It was thereafter maintained for many years by the police jury in the manner customary for rural dirt roads. The annual maintenance by the police jury, particularly when considered with the fact that the road was constructed by the police jury, was sufficient to make the road a public road by tacit dedication under the provisions of LSA-R.S. 48:491. Robinson v. Beauregard Parish Police Jury, 351 So.2d 113 (La.1977); Police Jury, Parish of Catahoula v. Briggs, 291 So.2d 472 (La.App. 3d Cir. 1974); Winn Parish Police Jury v. Austin, 216 So.2d 166 (La.App. 2d Cir. 1968).
The evidence also establishes that the road was used by the public during the 10-year period prior to the time suit was filed. Appellees and members of their families used the road to get to their property. Hunters and trappers also used the road until appellants blocked the road by placing fences across it and by planting on the roadbed. One of the appellants uses a part of the road to reach the driveway to his home located a short distance from the blacktop road. The servitude acquired by the public has not been lost by 10-years prescription based on nonuse. Bell v. Tycer, 97 So.2d 448 (La.App. 1st Cir. 1957). See also Trahan v. Fontenot, 380 So.2d 1240 (La.App. 3d Cir. 1980); Strickland v. Stafford, 322 So.2d 893 (La.App. 1st Cir. 1975); Curtis v. Goebel, 101 So.2d 462 (La.App. 1st Cir. 1958).
Appellants argue that the road lost its character as a public road because there *862 was a clear and well-established intent by the governing body to abandon the road. Appellants argue that this intent was evidenced by the fact that the police jury performed no maintenance on the road for approximately eight years, allowed the road to be fenced and planted, and did not include the road in their numbering system of public roads. Appellants cite Robinson v. Beauregard Parish Police Jury, 351 So.2d 113 (La.1977) and Starnes v. Police Jury of Rapides Parish, 27 So.2d 134 (La.App. 2d Cir. 1946).
Robinson was a tort suit arising out of an accident which happened on a bridge and the issue was whether the allegedly defective bridge was owned by the police jury. Picking up on language from the Second Circuit Starnes case, the Supreme Court held:
"Abandonment of a public road must be evidenced by (1) a formal act of revocation in accordance with R.S. 48:701, (2) relocation of the public road by the governing body, or (3) clear and well-established proof of intent by the governing body to abandon. Starnes v. Police Jury of Rapides Parish, 27 So.2d 134 (La.App. 2d Cir. 1946). Nonuse of a strip of land as a public road or street for a period in excess of ten years may also result in termination of the public use. C.C. 789; Yiannopoulos, `Common, Public, and Private Things in Louisiana: Civilian Tradition and Modern Practice,' 21 La.L.Rev. 696, 736 (1961)."
Starnes was a suit by the plaintiff-landowner seeking to enjoin the police jury from using an allegedly abandoned roadway traversing his property. While the court held that the abandonment of public roads must be evidenced by clear and well-established proof of intent on the part of the governing body to abandon, the court found that the evidence in that case clearly failed to establish such intent. In the Robinson case the court likewise found the evidence did not establish an intent on the part of the governing body to abandon the bridge.
If these two cases stand for the proposition that the character of a road as a public road can be changed by an abandonment by the policy jury without compliance with statutory requirements for abandonment, without formal action by the policy jury, and without 10 years nonuse, they stand alone in Louisiana jurisprudence. Although the language of these cases supports the concept that a public road may be abandoned by a de facto abandonment of maintenance and upkeep of the road by the police jury, the context in which these holdings were made and the results in the two cases detract from the authority of the cases for that proposition.
In the instant case there was no formal action by the police jury to abandon the public road and there was certainly no formal revocation or relocation in accordance with statutory provisions. There was no abandonment or nonuse for a period of 10 years. Accordingly, we hold that in the absence of compliance with statutory provisions, formal action by the police jury, or 10 years nonuse, the public road in question remains a public road and its use as such cannot be interfered with by the defendants whose property the road traverses. See LSA-R.S. 48:512.
Appellees point out that the trial court erred in its judgment by referring to the number of the road from which the disputed road runs to appellees' property as state highway 128, rather than state highway 849. Appellees are correct and the judgment will be amended accordingly.
The judgment of the district court is amended to refer to the highway mentioned therein as Louisiana Highway No. 849 instead of Louisiana Highway No. 128 and, as amended, is affirmed. All costs of these proceedings are assessed to appellants.
Amended and, as amended, affirmed.
NOTES
[1] LSA-R.S. 48:491:

"All roads or streets in this state that are opened, laid out or appointed by virtue of any act of the legislature or by virtue of an order of any parish governing authority in any parish, or any municipal governing authority in any municipality, or which have been or are hereafter kept up, maintained or worked for a period of three years by authority of any parish governing authority in its parish or by authority of any municipal governing authority in its municipality shall be public roads or streets as the case may be. Also all roads or streets made on the front of their respective tracts of lands by individuals when the lands have their front on any of the rivers or bayous within this state shall be public roads when located outside of municipalities and shall be public streets when located inside of municipalities."
[2] LSA-C.C. Art. 753:

"A predial servitude is extinguished by nonuse for ten years."