445 So.2d 98 (1984)
Bessie WISE, et al., Plaintiffs-Appellants,
v.
John W. KEY, Defendant-Appellee.
No. 15930-CA.
Court of Appeal of Louisiana, Second Circuit.
January 16, 1984.
*99 Napper, Waltman, Madden & Rogers, by Lee B. Waltman, Ruston, for plaintiffs-appellants.
Truett West, Farmerville, for defendant-appellee.
Before MARVIN, FRED W. JONES, Jr. and SEXTON, JJ.
SEXTON, Judge.
Plaintiffs appeal an adverse ruling by the trial court holding that a driveway/road on their property had been dedicated to public use by virtue of its authorized maintenance by a public entity for a period of three years. We affirm.
Plaintiffs herein are Bessie Wise, Nora Wise Hollis, and Harris Wise, the surviving spouse and sole heirs, respectively, of Sebron E. Wise. These plaintiffs filed for a mandatory injunction against the defendant to prohibit him from operating a motor vehicle on their property. Plaintiffs also sought certain damages as a result of defendant's action.
The driveway/road in question is on a tract of land in Bernice, Union Parish, Louisiana. It was acquired by Sebron Wise in 1949. This driveway/road is on or near the south boundary of plaintiff's property where it adjoins that of Henry Warden. The Warden property extends about half the depth of the Wise property where it is then bordered on the east by the Key property. The drive/road is about ten feet wide and the blacktopped portion extends almost to the Key property. At the end of the blacktopped portion it continues as a dirt road or track on toward the westerly boundary of the Wise property. There is a gate at the northeast corner of defendant's property where it adjoins the Warden property. This gate furnishes defendant access to the drive/road.
At the trial there was uncontroverted testimony from one long-time area resident, a Mr. McCall, who testified that his father and uncle "gave the road" many years ago, each donating one-half of the road along the "forty" line dividing their properties. There was other testimony that thereafter this road was used to obtain access to property located behind the Wise property. However, shortly after obtaining the property in 1949, the Wise family disced it up and planted it in clover, including the drive/road. It so remained until 1960 when Seborn Wise put a house on the property and began living there with his wife. He used as a driveway the same location that the road has previously enjoyed. Thereafter a rent house was located behind the Wise home and the *100 drive/road was blacktopped and graded by the Louisiana Department of Highways. After being blacktopped it was "worked" regularly by crews from the Union Parish Police Jury. Because of the passage of time it is unclear exactly when the road was blacktopped, but it was certainly in the early 1960s and before 1964. Likewise, the specific dates of maintenance are difficult to determine but it is clear that once the road was blacktopped the police jury provided regular and continuous maintenance. In addition, the Bernice Lions Club, on its own initiative, placed signs on all of the unsigned streets in Bernice. In so doing, this drive/road was demoninated as "Wise Street."
The trial court found that tacit dedication of the road had occurred in accordance with LSA-R.S. 48:491.[1] The trial court went on to find that the public posture of the road was not lost by virtue of non-use in excess of ten years as provided by the then LSA-C.C. Art. 789.[2] Therefore, appellants specify as error the trial court's determination on these two crucial factual issues.
Tacit dedication as envisioned by LSA-R.S. 48:491 requires more than casual and random maintenance. Jackson v. Town of Logansport, 322 So.2d 281 (La. App.2d Cir.1975). But intent of the landowner to dedicate the property as a street is unnecessary, if there is the requisite maintenance without adequate protest. Tschirn v. Morse, 394 So.2d 286 (La. App.1st Cir.1980); Town of Sorrento v. Templet, 255 So.2d 246 (La.App.1st Cir. 1971); Winn Parish Police Jury v. Austin, 216 So.2d 166 (La.App.2d Cir.1968). It does not matter that the police jury does not itself recognize this as a public road. Latour v. Dupuis, 164 So.2d 620 (La.App.3rd Cir.1964); nor is a public purpose necessary, Strickland v. Stafford, 322 So.2d 893 (La.App.1st Cir.1975).
The trial court in extensive reasons for judgment cited detailed evidence of the three year maintenance necessary to effect tacit dedication in the following terms:
"In the Court's opinion, the preponderance of the evidence establishes that the road was worked and maintained by equipment and manpower of the Union Parish Police Jury for a period in excess of three years. The testimony of Cecil McCall, D.L. McCuller, in addition to the defendant, and of Donald Grafton, Lonnie Gray, and Eugene Pearson establishes this, as well as the fact that the operations were more than "brushing up" or token maintenance. The evidence also establishes that no protest against this maintenance or the public use of the road occurreduntil January, 1981. In fact, it appears that the public maintenance, particularly the blacktopping, of the road occurred at the instance of Mr. Seborn E. Wise. It further appears that the road was used by the public on numerous occasions during this period. On the other hand, the knowledge of Mr. Harris Wise concerning the use and maintenance of the road is limited by his period of absence from the property. Therefore, the Court concludes that there was a tacit dedication of the road in question from Highway 167 westward to the eastern boundary of the Cook property, *101 where the testimony established that the maintenance operations ceased."
The trial court therefore concluded that sufficient public maintenance occurred to effect tacit dedication of the contested roadway. With respect to appellant's contention that the road subsequently lost its public status, it is the non-use of the road rather than the lack of maintenance which establishes abandonment, which non-use must be continuously uninterrupted for ten years. LSA-C.C. Art. 753; Robinson v. Beauregard Parish Police Jury, 351 So.2d 113 (La.1977). Moreover, it is of no moment that the defendant was the only party using the road. Trahan v. Fontenot, 380 So.2d 1240 (La.App.3d Cir.1980). The trial court found sufficient evidence of continuous use in these terms:
"The evidence clearly shows, and particularly that of D.L. McCuller, whose testimony was quite impressive, he being a disinterested witness, that the road was used as late as 1976 to gain access to the interior of the properties."
It is our view that the determinations of the trial court on the two factual issues which form the basis of this appeal are supported by the record and are not clearly wrong. As such, they will not be disturbed by us on appeal. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
For the reasons aforesaid, the judgment appealed is affirmed at appellant's cost.
AFFIRMED.
NOTES
[1] At the time of the alleged maintenance, this statute provided as follows:

"All roads or streets in this state that are opened, laid out or appointed by virtue of any act of the legislature or by virtue of an order of any parish governing authority in any parish, or any municipal governing authority in any municipality, or which have been or are hereafter kept up, maintained or worked for a period of three years by authority of any parish governing authority in its parish or by authority of any municipal governing authority in its municipality shall be public roads or streets as the case may be. Also all roads or streets made on the front of their respective tracts of lands by individuals when the lands have their front on any of the rivers or bayous within this state shall be public roads when located outside of municipalities and shall be public streets when located inside of municipalities."
[2] This article is now Article 753, which did not change the law. It reads, "A predial servitude is extinguished by nonuse for ten years."