482 So.2d 1052 (1986)
Irene STELLY, et al., Plaintiffs-Appellants,
v.
VERMILION PARISH POLICE JURY, et al., Defendants-Appellees.
No. 84-1063.
Court of Appeal of Louisiana, Third Circuit.
February 5, 1986.
Writ Denied March 31, 1986.
*1053 Warren J. Pickle, New Orleans, and George J. Tate, Abbeville, for plaintiffs-appellants.
Domengeaux & Wright, Richard C. Broussard, Lafayette, John C. Young, Baton Rouge, Paul Moresi, Abbeville, for defendants-appellees.
Before STOKER, YELVERTON and KNOLL, JJ.
KNOLL, Judge.
Irene and Gorchin Stelly (hereafter the Stellys) appeal the dismissal of their damage claim against the Vermilion Parish Police Jury for its failure to maintain the Warren Canal Road, and the damage claim awarded Eddie and Raywood Stelly against them in a third party demand for their destruction of gates. The trial court concluded that the Warren Canal Road had been abandoned by 30 years non-use; therefore the police jury had no duty to *1054 maintain the road. The Stellys urge that the trial court erred: (1) in finding the Warren Canal Road abandoned by 30 years non-use; and, (2) in granting Raywood Stelly damages when those damages were not proven by a preponderance of the evidence. We affirm.

FACTS
In 1942 certain land owners in Vermilion Parish signed a document granting the parish a road or right of way through their property to provide a route of travel from Little Prairie to Forked Island. In 1950 the State of Louisiana changed the route of public access to Forked Island by constructing Highway 82. A fence was constructed along Highway 82 blocking access to the old route which followed the canal. A gate was erected by the State to allow only controlled access to the old route. Through the years the old road has been used primarily for agricultural purposes, i.e., cattle grazing, rice planting, and the installation of operational water pumps.
In 1982 the Isle Maronne Drainage District performed maintenance on the Warren Canal which required a large drag line to use the Warren Ditch Road. As a result of the use of this heavy equipment, the road began breaking and falling into the canal; the Stellys then asked the Vermilion Parish Police Jury to repair the road. As soon as parish equipment appeared on the road, Eddie and Raywood Stelly advised the police jury that the road was private and ordered the equipment off. The police jury informed the Stellys that they would do no work on the road since there was a dispute.
The Stellys sued the Vermilion Parish Police Jury and the State of Louisiana Department of Transportation for damages because the poor road condition prevented them from reaching their farmland. The police jury denied the allegations and filed a third party demand against Eddie and Raywood Stelly for placing a gate across the road and for preventing the police jury from maintaining the road. Eddie and Raywood Stelly sued the Stellys claiming damages to their gates; the Stellys reconvened against Eddie and Raywood Stelly seeking damages for their inability to use the road to reach their farmland.
All claims were consolidated for trial and shared a common issue: whether the Warren Canal Road was abandoned. The trial court dismissed the Stellys' claims against the Vermilion Parish Police Jury, Eddie Stelly and Raywood Stelly. The Stellys have neither briefed nor argued the dismissal of their reconventional demand against Eddie and Raywood Stelly; therefore we consider the Stellys' reconventional demand against them abandoned. Rules 1-3, 2-12.4, Uniform Rules, Courts of Appeal; Ketcher v. Illinois Central Gulf R. Co., 440 So.2d 805 (La.App. 1st Cir.1983), writ denied, 444 So.2d 1220 (La.1984).

DONATION
The Stellys contend that the property owners signed a formal, irrevocable donation granting Vermilion Parish the title to the property for the constructing of a road. They argue that the property described in the donation is public property not subject to private ownership as would have been the case if this document was the grant of a right of way. We disagree.
LSA-C.C. Art. 1536 requires that donations inter vivos of immovable property and incorporeal property be made by an act passed before a notary and two witnesses. For an act to be considered authentic it must appear on its face to have been executed in the manner required by law. Ducote v. Ducote, 442 So.2d 1299 (La.App. 3rd Cir.1983), writ denied, 445 So.2d 439 (La.1984). The act must be signed by the witnesses, the notary, and the parties to the act. Ducote, supra.
The act before us is one under private signature, acknowledged by one of the witnesses before a notary public. This purported act of donation of immovable property *1055 can be considered as nothing more than an act under private signature duly acknowledged and, as such, is absolutely null as a donation of immovable property. See Sarpy v. Sarpy, 354 So.2d 572 (La. App. 4th Cir.1977), writ denied, 356 So.2d 436 (La.1978). Nonetheless the act as written does constitute a valid grant of a servitude for a public road.

ABANDONMENT
Even if the act signed in 1941 constituted a servitude of passage, the Stellys argue that the trial court erred in finding that the road was abandoned by non-use.
LSA-C.C. Art. 699 describes a servitude of passage as a predial servitude. A predial servitude is extinguished by non-use for ten years. LSA-C.C. Arts. 753 and 3448. The question before us is whether the trial court abused its discretion in concluding that the roadway was abandoned through ten years non-use as a public road.

"Abandonment of a public road must be evidenced by (1) a formal act of revocation in accordance with R.S. 48:701, (2) relocation of the public road by the governing body, or (3) clear and well-established proof of intent by the governing body to abandon. Starnes v. Police Jury of Rapides Parish, 27 So.2d 134 (La.App.2d Cir.1946). Nonuse of a strip of land as a public road or street for a period in excess of ten years may also result in termination of the public use. C.C. 789; Yiannopoulos, `Common, Public and Private Things in Louisiana: Civilian Tradition and Modern Practice,' 21 La.L.Rev. 696, 736 (1961)."

Robinson v. Beauregard Parish Police Jury, 351 So.2d 113 (La.1977).
Since the governing body for Vermilion Parish has not executed a formal act of revocation pursuant to R.S. 48:701, abandonment of the Warren Canal Road must be evidenced by the other means of abandonment delineated in Robinson, supra. Our review of the facts of this case reveals clear proof of the intent of the governing body to abandon the road.
The road has not been maintained by the Vermilion Parish Police Jury for the past 30 years. This lack of maintenance is more than coincidental to the State's construction of Louisiana Highway 82, which replaced the old dirt road route from Little Prairie over the Warren Canal Road to Forked Island with a modern hard surfaced roadway in 1950. Further evidence of the public's abandonment of the Warren Canal Road was the State's erection of a barricade at the intersection of the new road and the canal road which prevented entry to the old roadway for a period in excess of 10 years. The evidence further establishes that Eddie Stelly and Raywood Stelly placed water pumps directly on the old roadbed and have allowed their cattle to graze in the road right of way. Also, Ivy Stelly has planted a rice crop on part of the old right of way.
In opposition to the abandonment plaintiffs rely on Fore v. Volentine, 385 So.2d 860 (La.App. 2nd Cir.1980), for the proposition that use of the road by the adjoining landowners and their families or even use by hunters and trappers constitutes public use sufficient to defeat ten years non-use. We disagree. Fore, supra, is distinguishable on two significant grounds. First, in Fore the governing authority maintained the roadway for a period of approximately 32 continuous years. Second, and most importantly, there was no relocation of the roadway as contemplated in the case sub judice. In the present case it is uncontradicted that: (1) the governing authority has not maintained the Warren Canal Road for approximately 30 years; (2) the route which the Warren Canal Road serviced was replaced by the construction of Highway 82 almost 30 years prior to this litigation; and (3) the old route along the Warren Canal was barricaded with a gate placed by the State when Louisiana Highway 82 was constructed. Accordingly, we hold that, even in the absence of a formal resolution of abandonment by the Vermilion Parish Police Jury, the trial court did not commit manifest error in concluding that the Warren Canal *1056 Road lost its character as a public road because there was a clear and well-established intent by the police jury to abandon the road, and the public has not used the road for a period in excess of ten years.

DAMAGES
The trial judge awarded Eddie and Raywood Stelly damages of $390.85 against Irene and Gorchin Stelly for additional feed expenses and the costs of reseeding a pasture when Irene and Gorchin Stelly repeatedly left the pasture gate open at the beginning of the Warren Canal Road. Irene and Gorchin Stelly contend that Eddie and Raywood Stelly failed to establish their damage claim by a preponderance of the evidence, and part of the documentary evidence was inadmissible because it constituted hearsay evidence.
The need for additional feed was testified to by Raywood Stelly and proof of these added feed costs was established through checks written by Raywood for this purchase. A direct connection was established between the open gate and Raywood Stelly's inability to pasture his cattle in such an open area. We do not find manifest error in the trial court's determination that this item of damages was proven with reasonable certainty.
We pretermit discussion of whether the invoice for fertilizer constituted hearsay evidence. Independent from, and without objection, Raywood Stelly testified that he spent $330 for additional fertilizer required by the transfer of the cattle to another pasture because of the open gate. Here, too, we cannot find the trial judge committed manifest error in awarding Raywood Stelly this item of damages.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against appellants, Irene and Gorchin Stelly.
AFFIRMED.
STOKER, J., concurs and assigns written reasons therefor.
YELVERTON, J., concurs for the reasons assigned by STOKER, J.
STOKER, Judge, concurring.
I fully concur in affirmance of the trial court's judgment in this case which dismisses the plaintiffs' claim against the Vermilion Parish Police Jury and which grants damages in favor of Eddie and Raywood Stelly. However, I do not believe plaintiffs have a cause of action against the public for its alleged failure to maintain a roadway even if it had not been abandoned. No citation of authority is necessary to support the proposition that a party has a cause of action against a public body where the party suffers personal injury as a consequence of faulty maintenance or failure to maintain. On the other hand, I do not think there is a cause of action where a landowner's egress and ingress through a certain road is lost because the road disintegrates or disappears because of lack of maintenance and upkeep.
It was necessary that the facts and issues in this case be addressed for the purpose of dealing with the claim of Eddie and Raywood Stelly against Irene and Gorchin Stelly. Otherwise, on this appeal it is my opinion that we should have simply dismissed the claim against the police jury for failure to state a cause of action under LSA-C.C.P. art. 927.