552 So.2d 605 (1989)
IP TIMBERLANDS OPERATING CO., et al, Plaintiffs-Appellants,
v.
DE SOTO PARISH POLICE JURY, Defendant-Appellee.
SAND HILL HUNTING CLUB, Plaintiff-Appellant,
v.
DE SOTO PARISH POLICE JURY, Defendant-Appellee.
Nos. 20880-CA, 20881-CA.
Court of Appeal of Louisiana, Second Circuit.
November 1, 1989.
Wiener, Weiss, Madison & Howell by Larry Feldman, Jr., Shreveport, for appellantsIP Timberlands Operating Co.
Peatross, Greer & Frazier by John M. Frazier, Shreveport, for Sand Hill Hunting Club.
*606 Robert E. Plummer, Asst. Dist. Atty., Mansfield, for appellee.
Before MARVIN, LINDSAY and HIGHTOWER, JJ.
LINDSAY, Judge.
These two consolidated actions for declaratory judgment concern a rural road in DeSoto Parish which traverses land owned by IP Timberland Operating Company, Ltd., and members of the Scurlock family. These landowners leased their adjoining property to the Sand Hill Hunting Club (hereinafter referred to as "Sand Hill"). Plaintiffs filed separate suits against the DeSoto Parish Police Jury, seeking declaratory judgment that the road in question was a private road, not a public one. The trial court rendered judgment in favor of the defendant police jury, finding that the road was public. The plaintiffs in both suits appeal from that judgment. For the following reasons, we affirm.

FACTS
The road in question is known by several names, including Hamilton Road, the end of Hamilton Road, Jacobs Road, and Jake Handy Flat Road. It is a one-lane dirt road which runs from Louisiana Highway 539 to Cow Bayou, where it dead-ends. Formerly, a bridge, apparently built by the parish, connected the road to the opposite bank of the bayou, but the bridge is no longer standing. For many years, several families lived along this road; however, in about 1972, the last of these families moved away. The houses in which they resided are no longer standing. In addition to the plaintiffs, there are other landowners who own property along this road.
IP and the Scurlocks leased their land to Sand Hill for exclusive hunting. In order to maintain this exclusivity, Sand Hill's agents erected a gate at the intersection of the road and Highway 539. On November 10, 1986, the defendant police jury, asserting that the road was a public road, voted to remove the gate. On November 20, 1986, the police jury's employees carried out this action and dismantled the gate.
The plaintiffs in these cases filed their respective suits on May 1, 1987. (IP and the Scurlocks are the plaintiffs in No. 20,880-CA; Sand Hill is the plaintiff in No. 20,881-CA.) In both suits, declaratory judgments were sought to the effect that the road was private, not public. In its separate suit, Sand Hill also sought to recover for damage to its gate caused by its removal by the defendant's employees.
The cases were consolidated for trial. Trial on the merits was held on July 19, 1988. The parties entered into a joint stipulation of facts on several issues, including the ownership of the land in question, as well as the erection and removal of the gate. They also stipulated that there was no written evidence proving a formal or informal statutory dedication of the road to the public. Furthermore, they stipulated that no police jury records of road maintenance on the road prior to 1975 existed or had been discovered. Records of maintenance between 1975 and November 20, 1986, revealed that no maintenance was performed on the road during that period of time. (During the course of the trial, the defendant further stipulated that no repair work had been performed since 1972, and that repair work done on the road in 1987 was in response to the plaintiffs' suits.).
The plaintiffs presented the testimony of Jarrell O. Burch, a police juror; James C. Prine, president of Sand Hill; and Gerald Stoffels, an IP employee. They also called as witnesses the following: Leonard Carl Whitlock, Claudene Hamilton Whitlock, Warren E. Booker, William H. Palmer, and W.T. Palmer. All of these witnesses had lived in the area and were familiar with the road. They testified that the road was never a mail or a school bus route, and that any repairs to the road were, at best, infrequent. Also, the road was often impassable, even with four-wheel drive vehicles (unless one had a winch).
The defendant presented the testimony of Sam F. Springer and Alton Cordova, former road crew workers of the defendant police jury; Gordon C. Russell, a land surveyor, and Jessie Lee Stanley Cruse, a former *607 resident who had lived on this road. Mr. Springer and Mr. Cordova testified that they had installed culverts along the road periodically and graded the road yearly in the 1950's and 1960's. Ms. Cruse testified that the road work was done every summer when she was a child.
The trial court issued a written opinion on September 26, 1988. The court found that the road had been significantly maintained by the parish for three years and was thus tacitly dedicated to the public. Although the defendant had performed no maintenance on the road for more than ten years, the court found that the public's continued use of the road, the lack of an express act of revocation, and the fact that the road had never been replaced by another road, compelled it to find that the road was still public in nature.
The trial court denied Sand Hill's claim for damages. It also overruled the defendant's exception which asserted that the plaintiffs had no right or cause of action as to the part of the road not on their property.
On November 2, 1988, the trial court signed a judgment in conformity with its written opinion. Costs were assessed against the plaintiffs.
The plaintiffs appeal. They assert two assignments of error: (1) that the trial court erred in finding that the road was public; and (2) the trial court erred in failing to find that the road, if public, was abandoned by nonmaintenance and nonuse for more than ten years.

STATUS OF THE ROAD AS PUBLIC OR PRIVATE
The plaintiffs argue that the defendant police jury only performed "token" maintenance on the road which was insufficient to tacitly dedicate it to public use.
LSA-R.S. 48:491 provides, in relevant part, that "All roads ... which have been or hereafter are kept up, maintained or worked for a period of three years by authority of a parish governing authority within its parish ... shall be public roads or streets,...."
Occasional "brushing up" or "token maintenance" of private property is not sufficient to invoke the provisions of LSA-R.S. 48:491 and establish a tacit dedication of a servitude of passage. Jackson v. Town of Logansport, 322 So.2d 281 (La. App.2d Cir.1975); Robinson v. Beauregard Parish Police Jury, 351 So.2d 113 (La. 1977), on remand, 355 So.2d 553 (La. App.3rd Cir.1978); Beard v. Beauregard Parish Police Jury, 378 So.2d 625 (La. App.3rd Cir.1979), writ denied 380 So.2d 101 (La.1980); Garner v. Waddill, 421 So.2d 1144 (La.App.2d Cir.1982); Ouachita Parish Police Jury v. Wright, 446 So.2d 835 (La.App.2d Cir.1984).
Deciding whether a road is public or private is a factual decision. The question of whether a public body has maintained a road, so as to amount to a tacit dedication thereof as public, is one of degree. Sylvester v. St. Landry Parish Police Jury, et al, 461 So.2d 534 (La.App.3rd Cir.1984).
The standard of review for this court is well-established. The issue of public maintenance sufficient to support a tacit dedication is an issue of fact peculiarly within the purview of the trial court. The factual conclusions and assessment of credibility by the trier of fact are entitled to great weight. Further, where the testimony is conflicting, reasonable evaluations of credibility and reasonable inferences of facts should not be disturbed on review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Ouachita Parish Police Jury v. Wright, supra; Garner v. Waddill, supra.
In the instant case, the trial court found that the defendant maintained the road at least annually as long as families lived along the road. This maintenance consisted of hauling dirt to fill potholes, leveling the road with a grader, cleaning ditches, and repairing and installing culverts. The trial court held that the maintenance conducted by the defendant police jury constituted "substantial" maintenance.
We find no error in the trial court's determination. The trial court obviously found credible the testimony of former *608 road workers Sam Springer and Alton Cordova. Both testified that the road was worked once a year for more than three years, and that this maintenance involved grading, hauling dirt, and installing various kinds of culverts as required. Mr. Cordova also testified that during the winter he personally filled in holes, without using the grader. Ms. Cruse, who was sixty-two years old at the time of trial, testified that the road was repaired every summer of her childhood. The trial court apparently did not accept the testimony of several of the plaintiffs' witnesses that they were unaware of any road maintenance, and had such maintenance been performed, they would have known of it.
Another important factor involved the bridge which crossed Cow Bayou. The record does not conclusively establish when the bridge was built or by whom it was built. However, the testimony of Mr. Cordova, who began working for the police jury in about 1950, established that he participated in parish maintenance of the bridge. Although the evidence indicates that the bridge collapsed sometime in the mid-1950's and was not used thereafter, we find its existence and maintenance by the parish probative of the tacit dedication of the road itself.
Based on the foregoing, we find that the trial court did not err in holding that the parish had conducted substantial maintenance of the road. See Mouton v. Bourque, 253 So.2d 689 (La.App.3rd Cir.1971). The defendant's maintenance was regular, not "occasional." The work performed by the parish, as described by Mr. Cordova and Mr. Springer, went beyond a mere "brushing up" of the surface.
This assignment of error is without merit.

ABANDONMENT
The plaintiffs argue that if the road was ever tacitly dedicated to public use, it was abandoned by the defendant by nonmaintenance and nonuse for a period of ten years. Additionally, they contend that the defendant police jury manifested an intent to abandon the road.
Abandonment of a public road may be evidenced by (1) a formal act of revocation in accordance with LSA-R.S. 48:701; (2) relocation of the public road by the governing body, or (3) clear and well established proof of intent by the governing body to abandon. Starnes v. Police Jury of Rapides Parish, 27 So.2d 134 (La. App.2d Cir.1946); Stelly v. Vermilion Parish Police Jury, 482 So.2d 1052 (La. App.3rd Cir.1986), writ denied 485 So.2d 65 (La.1986). Nonuse of a strip of land as a public road or a street for a period of in excess of ten years may also result in termination of public use. LSA-C.C. Art. 753; Robinson v. Beauregard Parish Police Jury, supra; Yiannopoulos, Common, Public and Private Things in Louisiana: Civil Tradition and Modern Practice 21 La.L.Rev. 696, 736 (1961); Stelly, supra.
In the present case, there was no formal act of revocation executed by the defendant police jury. Nor did the police jury relocate the road in question. Thus, we must address whether there was nonuse of the road for ten years or proof of the police jury's intent to abandon the road.
The trial court found that the defendant police jury ceased maintenance of the road after the last residents on the road moved away in the early 1970's. Even after the parish maintenance stopped, the public, in the form of hunters, trappers, fisherman, nature lovers and adjacent landowners, continued their regular use of the road. Consequently, the trial court ruled that since there had not been nonuse of the road by the public for ten years, the road had not lost its public nature.
In Robinson v. Beauregard Parish Police Jury, supra, the court addressed the question of whether a bridge upon which plaintiff's decedent was killed was public or private. The Supreme Court found that the road was public and there had been no abandonment through nonuse. The Supreme Court stated: "... the Court of Appeal gave undue emphasis to the fact that the road was `only used' by cattlemen, hunters, fishermen and loggers, 342 So.2d at 699; these are members of the body *609 politic and their use can reasonably be termed public use."
In Fore v. Volentine, 385 So.2d 860 (La. App.2d Cir.1980), this court found that a servitude on a road built and regularly maintained by the parish had not been lost by ten-year prescription based on nonuse where parties to the suit used the road for access to their property. Also, hunters and trappers had used the road until the defendants placed fences across it and planted the roadway.
In Stelly v. Vermilion Parish Police Jury, supra, the court found that there was a clear and well established intent by the police jury to abandon a road and that the public had not used the road for more than ten years. However, there the state had erected a gate across the road, a new road had been built, and the parish had failed to maintain the old road for almost thirty years.
In the present case, there has been no relocation of the road, and any barricades across the road were placed there by parties other than the defendant. The testimony elicited at trial established that various members of the public, including hunters and the adjacent landowners, have continued to use the road since the defendant discontinued maintenance. Therefore, we find that there was not nonuse for a period of ten years. Nor do we find that the facts demonstrated "clear and well established proof of the intent by the governing body to abandon." Although Police Juror Burch stated that the defendant let the road "go to sleep," we do not believe such a statement is dispositive of the police jury's intent. The police jury did not positively manifest any such intent by barricading the road or providing a relocated passage for public use.[1]
Consequently, we find that the trial court committed no error. This assignment of error is meritless.

CONCLUSION
The judgment of the trial court is affirmed. Costs are assessed against the plaintiffs.
AFFIRMED.
NOTES
[1] In Fore, supra, this court stated that in the absence of compliance with statutory provisions concerning revocation or road relocation, formal action by the police jury, or nonuse for a period of ten years, a public road remains a public road. In the case presently before this court, the record shows that there has been no abandonment of the road by the defendant police jury, either formally or de facto, nor has there been a ten-year period of nonuse by the public.