560 So.2d 89 (1990)
Fanny Edith WINN, Plaintiff-Appellant,
v.
JEFFERSON DAVIS PARISH POLICE JURY, Defendant,
Natalie Arceneaux Rhodriguez, Intervenor-Appellee.
No. 88-1261.
Court of Appeal of Louisiana, Third Circuit.
April 18, 1990.
*90 Edwards, Stefanski, Barousse, Cunningham, Stefanski & Zaunbrecher, Homer Ed Barousse, Stephen Stefanski, Crowley, for plaintiff-appellant.
D. Keith Wall, Jennings, for defendant, Police Jury.
Romero & Romero, C.E. Romero, Robert Romero, Welsh, for intervenor-appellee.
Before DOMENGEAUX, C.J., and YELVERTON and KNOLL JJ.
DOMENGEAUX, Chief Judge.
Fanny Edith Winn[1] filed this declaratory judgment action seeking to be declared the owner of a strip of land which borders her property and a portion of the neighboring *91 property. This strip of property was the subject of a road right-of-way granted by Winn's ancestor in title, the North American Land & Title Company, Ltd., to the Parish of Calcasieu on July 25, 1894. However, the property is now part of Jefferson Davis Parish, and suit was filed against the Jefferson Davis Parish Police Jury. Natalie Arceneaux Rhodriguez, the owner of the neighboring property, intervened in the suit, opposing the action for declaratory judgment.
The trial court concluded that the 1894 dedication or grant conveyed a right-of-way or servitude and did not vest ownership in the parish. The trial court further concluded that the plaintiff did not prove the servitude has been extinguished by virtue of abandonment or non-use. Therefore, the declaratory judgment action was dismissed. We affirm.
The road in dispute is a rural dirt road originating at parish road 1-380E and leading to the home of Ms. Winn as well as the Rhodriguez property. Prior to 1974 the road was maintained by the Police Jury and the Winn family. The parties stipulated, however, that the Police Jury has not worked on the road since 1974 and does not intend to do any more work in the future.
The plaintiff contends that this lack of maintenance, coupled with more than ten years of non-use by the public, constitutes abandonment of the road and therefore extinction of the servitude. On the other hand, the intervenor argues that the Police Jury has not abandoned the servitude nor has the public lost it through ten years of non-use. The intervenor also contends that the Police Jury actually owns the land in question via a formal non-statutory dedication in 1894. The Police Jury has not responded to the appeal.

CLASSIFICATION OF DEDICATION
We agree with the trial court's conclusion that the 1894 dedication granted a servitude and not ownership. The original instrument dated July 25, 1894 is no longer available as it was destroyed by fire in 1910. However, the abstractor's record was introduced as an exhibit by the plaintiff and was uncontroverted by any other evidence. The text of the abstractor's record specifically describes the instrument as a road right-of-way; it shows an intent to retain ownership and grant only a servitude. Therefore, we affirm the trial court's ruling on this issue.

ABANDONMENT
Abandonment of a public road right-of-way can be accomplished by a formal act of revocation in compliance with the criteria set forth in La.R.S. 48:701. Section 701 provides for the revocation of a dedication whether the dedication granted ownership or merely a servitude when the public road has been abandoned or is no longer needed for public purposes. Anderson v. Police Jury of East Feliciana Par., 452 So.2d 730 (La.App. 1st Cir.1984), writ denied, 457 So.2d 13 (La.1984). In the instant case, the plaintiff presented no evidence of a formal revocation by the Police Jury.
In the absence of a formal revocation, a road right-of-way may be lost through ten years of non-use. La.C.C. arts. 753 and 3448. Louisiana courts have described numerous circumstances which may constitute "non-use". First, and most obvious, is the non-use of the road by the public, which simply means that a full ten years must pass without any use of the road before the servitude is lost.
In Harris v. Adams, 203 So.2d 809 (La.App. 4th Cir.1967), the court held that the road right-of-way in question had not been lost by prescription of ten years because the road was used by the public once a year during the annual Tarpon Rodeo. Similarly, use of a public road by only one person or one family during a ten year period does constitute public use. Trahan v. Fontenot, 380 So.2d 1240 (La.App. 3rd Cir.1980); Wise v. Key, 445 So.2d 98 (La. App. 2nd Cir.1984).
The record in this case reveals the road was used by the public on numerous occasions throughout the past ten years. The fact that Ms. Winn or her tenants may have "run off" anybody on the road without permission is irrelevant. A property *92 owner may not unilaterally convert a public road which traverses her property into a private road. Furthermore, the testimony of Ms. Winn that the neighboring landowners used the road only with her permission is disputed by the intervenor and is not credible due to the ownership of half (thirty feet) of the right-of-way by the adjoining landowners. This combined ownership of the right-of-way is shown on the plat of survey filed in evidence by the plaintiff. The record supports the trial judge's conclusion that the plaintiff did not prove ten years of non-use by the public.
The jurisprudence also suggests proving "non-use" with evidence that the road for which the right-of-way was granted has been relocated. Such relocation must meet the requirements of La.R.S. 48:701, Fore v. Volentine, 385 So.2d 860 (La.App. 2nd Cir.1980), or must be clearly proved by the actions of the governing body. Stelly v. Vermillion Parish Police Jury, 482 So.2d 1052 (La.App. 3rd Cir. 1986), writ denied, 485 So.2d 65 (La.1986).
Ms. Winn attempted to prove that the Calcasieu Parish Police Jury did in fact relocate the proposed road in response to an oral request by her father in the 1920's. Her testimony suggested the right-of-way was obtained for the construction of La. Hwy. 380, which was ultimately constructed elsewhere. Ms. Winn's testimony was unsubstantiated and we, like the trial judge, do not believe Ms. Winn met her burden of proof in establishing abandonment of a road right-of-way through relocation.
Our courts have often addressed the question of whether a governing body's failure to maintain a public road serves as abandonment of the road. The record in this case establishes no maintenance by the Jefferson Davis Parish Police Jury since 1974. That, however, is not dispositive of the question of abandonment. In Wise, supra, the court stated, "With respect to appellant's contention that the road subsequently lost its public status, it is the non-use of the road rather than the lack of maintenance which establishes abandonment, which non-use must be continuously uninterrupted for ten years." 445 So.2d at 101.
Likewise, in Fore, supra, the Second Circuit rejected the "de facto abandonment of maintenance and upkeep" as proof of a road's characterization as public or private. 385 So.2d at 862. Similarly, in Trahan, supra, we recognized that La.R.S. 48:491, pertaining to the dedication of public roads, will operate regardless of the governing body's opinion of the public or private nature of the road. 380 So.2d at 1242.
We note that Stelly, supra, and Robinson v. Beauregard Parish Police Jury, 351 So.2d 113 (La.1977), suggest that a public road may be abandoned by a governing body without formal revocation, relocation, or non-use. However, in Stelly, the Police Jury's lack of maintenance or "de facto" abandonment was combined with both relocation and ten years of non-use. In Robinson, the actions of the Police Jury were insufficient to constitute abandonment, especially considering there was no revocation, relocation, or non-use. We therefore believe Stelly, Robinson, and an earlier Second Circuit case, Starnes v. Police Jury of Rapides Parish, 27 So.2d 134 (La.App. 2nd Cir.1946), can be reconciled with the rules set forth in this opinion. (See Fore, supra, for an opposing view of the Robinson and Starnes rationale.)
In the case at bar, there has been no formal action by the Police Jury to abandon the public road right-of-way. There has been no relocation, nor has there been abandonment or non-use by the public for a period of ten years. Accordingly, the public road in question remains a public road and its use cannot be interfered with by the plaintiff whose property the road traverses.
For the above and foregoing reasons, the trial court's judgment dismissing plaintiff's declaratory judgment action at her cost is affirmed. Plaintiff is also cast for costs of this appeal.
AFFIRMED.
NOTES
[1] Ms. Fanny Edith Winn died on September 16, 1988, after this case was appealed. Her testamentary co-executors have been substituted as parties-plaintiff.