Dear Mr. Harroun:
You have asked for an opinion from this office regarding the status of the ten hypothetical road situations submitted with your request. Specifically, you wish to know if the roads, as depicted, constitute public roads that would fall under the purview of the provisions of R.S. 48:751 et seq.
Attorney General Opinions 78-188 and 89-452 do not control the initial determination of whether a road is "public" for purposes of your request. This must be determined by a factual and legal analysis of each situation presented. Expenditure of public funds to facilitate a purely private interest is a clear violation of the grant of authority to the Parish by the Legislature and supported by the two opinions. This is underscored by the charge in R.S. 48:753(A)(1) that Parish Transportation Fund monies shall be used only for projects that the Parish governing authority determines to be in the "best interest of the parish and the parish road system". Wide discretion is vested in the governing body in the formation of its opinion.
Your request, however, is concerned with the more fundamental issue of how the roads get into the parish road system in the first instance, and not the propriety of the decision made to maintain or not maintain said roads with the monies from the Fund.
The matter of tacit dedication of roads under the provisions of R.S. 48:491, as amended, is not controlled by considerations of proper exercise of discretion by the governing authority or strict adherence to distinctions between purely public or predominantly public or even private use after the fact of dedication. The law is that a road becomes dedicated, and therefore public, when the facts are established that the governing authority has provided sufficient maintenance (more than casual or random), and the owner of the land over which the road traverses has knowledge of or acquiesced in the maintenance for the requisite period of time.
Garner v. Waddill 421 So.2d 1144 (La.App. 2d Cir. 1982). In fact, our courts have uniformly applied this statute to roads which the police jury itself refuses to recognize as public. Latour v. Dupuis, 164 So.2d 620 (La.App. 3 Cir. 1964). Additionally, the courts have applied this statute to roads maintained by public authority, even when no real public purpose is served thereby, as when only one person or family utilizes the road as a driveway to his property. Strickland v. Stafford, 322 So.2d 893
(La.App. 1 Cir. 1975); Curtis v. Goebel, 101 So.2d 462
(La.App. 1 Cir. 1958); Trahan v. Fontenot, 380 So.2d 1240
(La.App. 3 Cir. 1980); Wise v. Key. 445 So.2d 98 (La.App. 2 Cir. 1984).
Again, the distinction needs to be made between opinions and rulings dealing with the protection of the public fisc; i.e., guarding against the use of public monies for the benefit of private landowners, and what constitutes facts sufficient to trigger the tacit dedication of R.S. 48:491. Once the property becomes part of the public domain then the considerations of proper exercise of discretion, best interest of the parish and the parish road system, etc., come into play.
Turning to the examples and hypotheticals submitted with your request, it is not possible to comment on each one directly, as the facts presented are insufficient to draw the conclusion that a tacit dedication has taken place. In theory, all of them could be dedicated, given the proper facts of maintenance and acknowledgement by the landowner, regardless of the length of the road or the particular uses to which it has been put since the time of dedication. A careful analysis of each should be made regarding the extent of maintenance by the parish, maintenance by private owners, the period of time the road has existed, the extent to which the underlying landowners had knowledge of the maintenance (did they permit, without objection, the governing authority to maintain the road for a period in excess of three years), the existence of any opposition to the maintenance of the road, and any other facts relevant to the issue of dedication.
Assuming that the roads meet the test of tacit dedication, they would then be considered part of the parish road system and clearly covered by the provisions of R.S. 48:751 et seq. Whether continued maintenance of these small roads that serve a very small segment of the parish population is warranted is a matter for the governing authority consistent with the requirements of R.S. 48:753(A)(1) and the jurisprudence.
A concise statement of the law is that tacit dedication of a road, once established, makes it a public road for the purpose of the Parish Transportation Fund Act, R.S. 48:75, et seq, as amended.
We hope that the above responds adequately to your request, however, should you have any further questions or clarifications to be reviewed in conjunction with the above, please notify the undersigned at your earliest convenience.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: ROBERT B. BARBOR Assistant Attorney General