Dear Mr. Doughty:
This office is in receipt of the request you made on behalf of the Franklin Parish Police Jury for an Attorney General Opinion. Your primary concern pertains to the propriety of the proposed abandonment of "Kendricks Ferry Road" which is "part of the Franklin Parish Police Jury road system".[1] You then inquire as to whether the Franklin Parish Police Jury can incorporate a "new road" into its "road system". In furtherance of your request, you provide a general history of the situation and attach pertinent documents and statements from concerned citizens. Your concerns and the Attorney General's responses to those concerns are presented as follows:
1. WHETHER THE FRANKLIN PARISH POLICE JURY CAN ABANDON THE ROAD.
This Department is of the opinion that the Franklin Parish Police Jury has the inherent authority to abandon the road in question. However, the circumstances germane to the situation suggest this inherent authority should not now be exercised. LA.REV.STAT. § 48:701 provides:
 The parish governing authorities and municipal corporations of the state, except the parish of Orleans, may revoke and set aside the dedication of all *Page 2 
roads, streets, and alleyways laid out and dedicated to public use within the respective limits, when the roads, streets, and alleyways have been abandoned or are no longer needed for public purposes.
 Upon such revocation, all of the soil covered by and embraced in the roads, streets, or alleyways up to the center line thereof, shall revert to the then present owner or owners of the land contiguous thereto.
 Nothing in this Section shall be construed as repealing any of the provisions of special statutes or charters of incorporated municipalities granting the right to close or alter roads or streets.[2]
Consequently, the Franklin Parish Police Jury has the inherent authority to revoke and set aside the dedication of a road laid out and dedicated to public use within the contiguous boundaries of its juridical authority if the road has been abandoned or is no longer needed for public purposes.
You describe the road in question as existing within the Police Jury's "road system". As such, and for purposes of this Opinion, we assume it falls under and is impacted by LA.REV.STAT. § 48:701's authority. To that end, the Franklin Parish Police Jury can revoke and set aside the road if it has been abandoned or is no longer needed for public purposes. The questions which must then be answered are whether the road has been/is abandoned and/or whether it continues to be needed for public purposes.
Recently, Louisiana's 3rd Circuit Court of Appeal issued an opinion concerning the abandonment of a road:
 Abandonment of a public road may be evidenced by (1) a formal act of revocation in accordance with LSA-R.S. 48:701; (2) relocation of the public road by the governing body, or (3) clear and well established proof of intent by the governing body to abandon. Starnes v. Police Jury of Rapides Parish, 27 So.2d 134
(La.App. 2d Cir. 1946); Stelly v. Vermilion Parish Police Jury, 482 So.2d 1052 (La.App. 3d Cir. 1986), writ denied 485 So.2d 65 (La. 1986). Nonuse of a strip of land as a public road or a street for a period of in excess of ten years may also result in termination of public use. LSA-C.C. Art. 753; Robinson v. Beauregard Parish Police Jury, 351 So.2d 113; Yiannopoulos, *Page 3 Common, Public and Private Things in Louisiana: Civil Tradition and Modern Practice 21 La. L.Rev. 696, 736 (1961); Stelly, 482 So.2d 1052.[3]
Consequently, a formal act of revocation in accordance with LA.REV.STAT. § 48:701, relocation of the public road by the governing body, or clear and well-established proof of intent by the governing body to abandon appear to be the three (3) means by which a public road can be abandoned. And the courts will not interfere with a decision to abandon a public street absent an abuse of the power to abandon through arbitrary and capricious actions.[4]
Based upon the information you provide, it does not appear as though there has been any formal act of revocation in accordance with LA.REV.STAT. § 48:701. While the matter was placed on the agenda for the Police Jury's April meeting, it does not appear as though any formal action was taken. Consequently, it is unlikely LA.REV.STAT. § 48:701 has been satisfied. Additionally, there is nothing to indicate the Franklin Parish Police Jury relocated the road regardless of Mr. Kimball's creation of a second road which provides access to the Kendricks Ferry Pentecostal Church. And finally, there does not appear to be any clear and well-established proof of intent by the Franklin Parish Police Jury to abandon the road. We do not believe Mr. Kimball's placement of a fence across the road can be construed as being indicative of the Police Jury's intent to abandon the road.[5] To that end, we are of the opinion that it does not appear as though the road in question has been abandoned.
We would then be remiss if we did not at least consider the alternative identified in LA.REV.STAT. § 48:701, i.e., whether the road is still needed for public purposes. This appears to be an issue of fact and thus likely to fall outside our purview on matters such as this. We would, however, offer the following for your consideration. On the one hand, one could reasonably argue the second road created by Mr. Kimball vitiates the need to maintain the easement over his property (they both provide ingress and egress from Louisiana Highway 562 to the Kendricks Ferry Pentecostal Church). To that end, the road would no longer be needed (for public purposes) because an alternative route exists (in the form of the second road). On the other hand, you presented several testimonials from various individuals espousing the road's significance and the need to maintain it. One such statement *Page 4 
details Mr. Kimball's alternative/second road as insufficient to meet the needs of the Church's parishioners and goes on to suggest the road is dangerous. Then, there is the potential impact of the two documents you include which purport to be legal in nature. While we are simply not in a position to comment on their validity, authenticity, and/or enforceability, they appear to lend support to the idea that the road should not be abandoned.
In light of the aforementioned, we suggest this matter will likely need to be resolved by the District Court for the 5th Judicial District.
As an addendum, we suggest you review LaRocca v. Dupepe, et al.,97 So.2d 845 (La.App. 1957). In it, the Louisiana Supreme Court ruled:
 The Police Jury necessarily had the right to abandon the streets in question, but it had no right to exchange the abandoned streets for the other property of Dupepe, unless the opening of the street on the property obtained from Dupepe was what made it unnecessary that the older streets be continued.[6]
Applying this holding to the instant situation appears to compound the aforementioned issue of fact upon which our office cannot render an opinion.
2. WHETHER THE FRANKLIN PARISH POLICE JURY CAN INCORPORATE THE "NEW ROAD"(DESCRIBED IN THE OPINION REQUEST) INTO ITS ROAD SYSTEM?
Towards the end of your request, it appears you would also like an opinion as to whether the Franklin Parish Police Jury can incorporate the second road created by Mr. Kimball into its road system. While we do not possess all of the information necessary to render a definitive determination on this issue, we suggest that based upon the information provided, we see no impediment to the second road's incorporation into the parish's road system. We would simply encourage the Police Jury to follow the proper protocols and procedures if and when it decides to incorporate the (second) road into its system. *Page 5 
If we may be of further assistance, please do not hesitate to contact the undersigned.
 Yours very truly,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 __________________________
 DAVID A. YOUNG
 Assistant Attorney General
 CCF, JR:DAY
[1] It would appear as though the road in question is best described as a public easement of access connecting Louisiana Highway 562 and the property owned by the Kendrick Ferry Pentecostal Church which bisects property owned by Mr. J. A. Kimball.
[2] LA.REV.STAT. § 48:701.
[3] Kennedy v. McBridge, 2006-208, (La.App. 3 Cir. 9/27/06);939 So.2d 691, 694; see also IP Timberlands Operating Co., et al. v. DeSoto Parish Police Jury, et al., 20880-CA, 20881-CA (La.App. 2 Cir. 11/1/89); 552 So.2d 605.
[4] Giambelluca v. Parish of St. Charles, et al., 96-364 (La.App. 5 Cir. 11/14/96); 687 So.2d 423.
[5] As an aside, we would respectfully direct your attention to LA.REV.STAT. § 14:100.1, which criminalizes the placement of an obstruction across a public road.
[6] LaRocca v. Dupepe, et al., 97 So.2d 845, 858 (La.App. 1957).