446 So.2d 835 (1984)
OUACHITA PARISH POLICE JURY, Plaintiff-Appellant,
v.
Ray WRIGHT, Defendant-Appellee.
No. 15992-CA.
Court of Appeal of Louisiana, Second Circuit.
February 21, 1984.
*836 C. Lynn Tubb, Asst. Dist. Atty., Fourth Judicial Dist., Monroe, for plaintiff-appellant.
Blackwell, Chambliss, Hobbs & Henry by James A. Hobbs, West Monroe, for defendant-appellee.
Before PRICE, MARVIN and SEXTON, JJ.
PRICE, Judge.
This is a suit for declaratory judgment by the Ouachita Parish Police Jury to have the section of Cypress Bluff Road traversing defendant's property declared a public road under the authority of La.R.S. 48:491. The plaintiff appeals the trial court judgment in favor of the defendant, contending the trial court erred in holding that there had been insufficient maintenance by the police jury to support the invocation of La.R.S. 48:491, and in holding that, even if there had been a tacit dedication, public use of the road since 1965 was insufficient to prevent the loss or abandonment of the public servitude under La.C.C. Arts. 753 and 3546.
Defendant owns a 20-acre tract of property in Ward 9 of Ouachita Parish. This property fronts on Cypress Creek and is traversed by a portion of Cypress Bluff Road leading to the creek. Defendant acquired the property around 1965 and shortly thereafter erected a fence around it and placed a gate across the road. He also erected and maintained "no trespassing" and "private property" signs although certain persons were apparently allowed ingress and egress to their own property or the creek through defendant's property.
The record reveals no evidence of parish maintenance of the road on defendant's property since he erected the gate. The trial court specifically found that plaintiffs failed to show sufficient parish maintenance before that time to support a tacit dedication of the road under the statute.
The evidence presented at trial was conflicting in some aspects. One of plaintiffs' witnesses testified he had personally seen his father-in-law, who was a motorgrader operator for the parish, grade the road two or three times between 1946 and 1957. Another motorgrader operator for Ward 9 from 1960 to 1969 testified he bladed the entire length of Cypress Bluff Road about four times a year until the gate was erected. However, he could not identify the road in question from photographs introduced into evidence. Another parish employee who drove a gravel truck from 1959 to 1966 testified he could not recall ever having worked the road. Two other witnesses testified to having seen a grader on Cypress Bluff Road several times during the 1940's or 1950's, but not necessarily on defendant's property.
Defendant and other witnesses testified, however, that the road on his property was little more than a path through the woods when he acquired it and he had to hire someone to widen this route to provide access for an eight-foot-wide house trailer which was moved onto the property. Robert Fuller testified he cleared the space alongside the original road to make way for defendant's trailer. He saw no signs of maintenance at that time. Two of defendant's witnesses who had been familiar with the property since the early 1950's testified that they had never seen the parish grade the road nor had they seen any other signs of maintenance.
It was also shown that the entire length of Cypress Bluff Road was too rough and too narrow to permit passage by a school bus until four or five years after defendant's acquisition of the property. The bus driver for that period testified that the parish later began to maintain the road up to defendant's gate and built a turn-around just outside the gate but never performed any maintenance beyond that point.
Plaintiff contends the road in question is a public road by virtue of the parish maintenance shown at trial pursuant to La.R.S. 48:491 which provides in pertinent part:

*837 B. All roads or streets in this state which have been or hereafter are kept up, maintained, or worked for a period of three years by authority of a parish governing authority within its parish ... shall be public roads or streets, as the case may be....
The issue of public maintenance sufficient to support a tacit dedication is an issue of fact peculiarly within the purview of the trial court. Thus this court must adhere to the principle that factual conclusions and assessments of credibility by the trier of fact are entitled to great weight. Furthermore, where there is conflicting testimony the reasonable evaluations of credibility and reasonable inferences of fact by the trial court should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Garner v. Waddill, 421 So.2d 1144 (La.App. 2d Cir.1982).
It is well settled that an occasional "brushing up" or token maintenance will not suffice to establish a tacit dedication. Garner v. Waddill, supra; Jackson v. Town of Logansport, 322 So.2d 281 (La. App. 2d Cir.1975) and authorities cited therein. The trial court found plaintiff failed to establish maintenance to the degree or duration necessary for application of the statute. This conclusion is well supported by the record, as evidenced by the testimony recounted above, and will not be disturbed on review.
It is uncontradicted that the parish never placed any gravel on the road. Parish workers may have occasionally bladed defendant's portion of Cypress Bluff Road, but the worker who testified to regular blading of the entire road could not identify it in a photograph. In any case the blading apparently amounted to no more than the evening out of some of the ruts in the road. Plaintiff failed to show that it did any work on the road which was any more significant than the mere "brushing up" of the surface from time to time.
Furthermore, the evidence regarding the condition of the road at the time defendant acquired the property is inconsistent with the degree of maintenance the parish claims to have done in the preceding years. Defendant produced corroborative evidence that when he bought the property neither an eight-foot trailer nor a schoolbus could pass on the road, nor was the road passable in any type of vehicle during wet weather. Finally, there is no question that there was absolutely no public maintenance on defendant's property and the general public did not travel that portion of the road after defendant put up the gate.
Inasmuch as plaintiff has failed to prove by a preponderance of the evidence that there was a degree of maintenance by the parish necessary under La.R.S. 48:491, we find no clear error in the trial court's conclusion that there was no tacit dedication of the road by the defendant. See Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). There is therefore no need for this court to address the remaining issues raised on appeal.
For these reasons, the judgment of the trial court is affirmed at appellant's costs.
AFFIRMED.