485 So.2d 253 (1986)
VERMILION PARISH POLICE JURY, Plaintiff-Appellee,
v.
Steve LANDRY, et ux, Defendants-Appellants.
No. 84-1199.
Court of Appeal of Louisiana, Third Circuit.
March 5, 1986.
*254 Theall & Fontana, Anthony Fontana, Jr., Abbeville, for defendants-appellants.
Paul Moresi, Jr., Abbeville, for plaintiff-appellee.
Before DOMENGEAUX, FORET and KING, JJ.
FORET, Judge.
This appeal results from a suit for a permanent injunction filed by the Vermilion Parish Police Jury (hereinafter Police Jury), appellee, against Steve and Mary Landry, appellants, regarding an obstruction and blockage of an alleged public road designated as "Garber Street" which is located in Vermilion Parish, Louisiana. Appellants filed a reconventional demand seeking a declaratory judgment declaring LSA-R.S. 48:491 to be unconstitutional.
The trial court found that LSA-R.S. 48:491 was constitutional.[1] The court found that sufficient work and maintenance had been performed on Garber Street by the Police Jury to make it a public road by virtue of LSA-R.S. 48:491(B). Furthermore, the trial court found that a tacit dedication of the property (Garber Street) occurred by the recordation of a plat of survey and reference to it in the donation of a portion of the property involved in this case. The court's judgment granted a permanent injunction prohibiting the defendants from erecting or maintaining a fence, gate, or barrier across Garber Street and prohibited the defendants from interfering with work by the Police Jury or with free access down Garber Street. This appeal follows that judgment.
We affirm the trial court's decision that Garber Street became a public road by virtue of the provisions of LSA-R.S. 48:491. Accordingly, we do not need to address the issue of whether a tacit dedication of the property occurred by the recordation of a survey plat and reference to it in a donation.
The issues involved in this case are:
(1) Has Garber Street been tacitly dedicated so that it has become a public road?
(2) Has Garber Street become a public road by virtue of the provisions of LSA-R.S. 48:491?

DEDICATION UNDER R.S. 48:491
The trial court found that a tacit dedication of Garber Street had occurred in *255 accordance with LSA-R.S. 48:491. At the time the road was cut out and of the alleged maintenance, this statute provided, in part:
"B. All roads or streets in this state which have been or hereafter are kept up, maintained, or worked for a period of three years by authority of a parish governing authority within its parish, or by authority of a municipal governing authority within its municipality, shall be public roads or streets, as the case may be, ..."
The landowner's intent to dedicate the property as a street is not necessary if the requisite maintenance has occurred. Wise v. Key, 445 So.2d 98 (La.App. 2 Cir.1984). In its reasons for judgment, the trial court relied upon the testimony of three parish employees who were involved in the maintenance of Garber Street. Their testimony was to the effect that the road was initially constructed by Police Jury employees and equipment and thereafter maintained by placing shell on the road, cleaning out the ditches, grading the road periodically, keeping up the sign which read "Garber Road", and mowing the grass growing on the sides of the road at regular intervals. Additionally, the road pusher for the Police Jury from 1973 to 1977 testified that he personally went upon the road about once a week during this time to inspect the condition of the road, as he did every road in his district.
Expectedly, the defendants presented testimony at trial which conflicted with that of the Police Jury employees. However, the court concluded that the defense witnesses, for the most part, were incredulous. The court stated that it found defense witnesses' testimony to be "illogical and incomprehensible."
Obviously, the trial court found plaintiff's witnesses to be more credible and gave their testimony much more weight. A trial court is in the best position to make credibility determinations, and findings of fact based upon reasonable evaluations of credibility will not be disturbed on review unless they are clearly wrong. Guilbeau v. Roger, 443 So.2d 773 (La.App. 3 Cir.1983), writ denied, 446 So.2d 1224 (La.1984); Vascocu v. Singletary, 434 So.2d 597 (La.App. 3 Cir.1983). Consequently, where there is conflicting testimony, reasonable evaluations of credibility and reasonable inferences of fact by the trial court will not be disturbed by us even though we may feel that our own evaluations and inferences are as reasonable. Ouachita Parish Police Jury v. Wright, 446 So.2d 835 (La.App. 2 Cir.1984); Vascocu v. Singletary, supra. After reviewing the record, we do not find an abuse of discretion by the trial court in its evaluations of credibility.
The record reveals undisputed evidence that Garber Street was cut and laid out by the Police Jury in 1959 with public funds and maintained in excess of three years by the Police Jury with public funds. The record also reflects that the road has been used by the public from the time it was cut until the present day. The trial court found the annual maintenance by the Police Jury, coupled with the fact that the road had been laid out by the Police Jury, sufficient to make the road public by tacit dedication under the provisions of LSA-R.S. 48:491. Although defendants testified they had never seen Police Jury equipment or employees maintaining the road, such testimony is amply contradicted by the record. Since we find no manifest error in the trial court's ruling, its finding of tacit dedication under LSA-R.S. 48:491 is affirmed. Police Jury, Parish of Catahoula v. Briggs, 291 So.2d 472 (La.App. 3 Cir. 1974).

UNCONSTITUTIONALITY OF LSA-R.S. 48:491
Defendants contend that R.S. 48:491 is unconstitutional because the statute provides for a "taking" without due process of law and without just compensation. In order to protect the property rights of a landowner, some type of knowledge or acquiescence by the landowner has been read into the statute. Otherwise, a private road could be *256 maintained by the parish in excess of three years, despite an owner's protest, resulting in tacit dedication to the public. Garner v. Waddill, 421 So.2d 1144 (La.App. 2 Cir. 1982).
The burden of proof under LSA-R.S. 48:491 is twofold. First, sufficient maintenance must be proved and secondly, knowledge of or acquiescence in the public maintenance by the landowner must be shown. Defendants (landowners) denied ever seeing Police Jury employees or equipment on the road. However, defendants did not move onto the property, which they purchased in 1976, until 1977. Other defense witnesses' testimony was of no real value because the witnesses testifying seldom, if ever, viewed the property during working hours from Monday through Friday, the only times when the Police Jury employees would have been working on the road. Furthermore, Roland Viator leased Lot 2 (the same property owned by defendants) from 1957 until 1975. He testified that between 1959 and 1975 he had seen mowing machines or graders and saw gravel put on the road as many as five or six times. He testified that he had observed the condition of the road changing monthly, as a result of surface grading. Furthermore, he testified that a sign "Garber Road" had been put up during this period.
The trial court obviously disbelieved the evidence presented by defendants regarding their ignorance of Police Jury maintenance and work on the road. The court stated:
"To conclude otherwise, the Court would have to determine that the testimony of the Jury's employees was untruthful. To the contrary, the Court found these witnesses, and in particular Rodley Roy, to be articulate, honest and truthful. The Court would perhaps have given more weight to Defendants' testimony if they had admitted that they saw occasional touch-ups and work by the Jury, but when they denied that even this took place, their integrity was lost. To swear, as they did, that absolutely no work of any kind ever took place by the Jury, is illogical and incomprehensible."
For these reasons, the judgment of the trial court is affirmed at appellants' costs.
AFFIRMED.
NOTES
[1] The court found LSA-R.S. 48:491 unconstitutional in part, but that is not relevant to the present case.