LABORDE, Judge.
Defendants, Natchitoches Parish Police Jury, Oakland of Cane River, Inc., Jesse E. Brett, Jr., Daisy M. Prudhomme, Kathleen P. Batton, John T. Batton, and Thomas L. Key, have appealed from a judgment declaring a road beginning at the northwesterly end of the Bermuda Bridge across Cane River, proceeding south along the right descending bank of Cane River (and referred to on the Natchitoches Parish Police Jury map as Road No. 602B) to be a public road. The trial court further ordered Oakland of Cane River, Inc. to remove all obstructions from the road, in default of which, the Natchitoches Parish Police Jury is to summarily open the road at Oakland’s cost.
Defendants assert that the trial court made erroneous factual findings and misapplied the law to the facts found. As we stated in Hughes v. Lambert, (La.App. 3d Cir.1986) (Our Docket No. 85-1143), whether a passage is or once was a public road is a question of fact most appropriately left to the district court. Here, the trial judge, following well settled law, correctly found that the passage was indeed a public road. After carefully reviewing the record, we find that it fully supports the trial judge’s factual findings, and we agree with his interpretation and application of the law.
' The judgment of the trial court is affirmed. Appellants, Oakland of Cane River, Inc. and Jesse E. Brett, Jr., are taxed with costs of this appeal,
Attached hereto as an appendix is a copy 0f the district court’s reasons for judgment.
AFFIRMED.
APPENDIX
54621
Reasons for Judgment
The plaintiffs, all owners of property located in Section 105, Township 8 North, Range 6 West, Natchitoches Parish, Louisiana, brought this action to have declared public a road which now or formerly existed from the west or northwesterly end of a bridge commonly known in this area as the Bermuda bridge south along the right descending bank of Cane River for such distance as to serve ingress and egress to their properties. The defendants are the owners of the land which the subject road traverses, being five in number, all named in paragraph one of plaintiffs’ petition, as well as the Natchitoches Parish Police Jury.
The basis of plaintiffs’ assertion that the subject passageway is a public road is that the Natchitoches Parish Police Jury has consistently graded, patrolled and maintained said road from as early as 1919 to and including 1975; that the road was incorporated in and recognized as being a part of the parishroad system as late as 1984 and that the public had continuously used the road until 1983, this latter date being the time the owners of Oakland of Cane River, Inc., or its licensee “permanently” placed a manufactured home across the upper or northerly end of the road near the Bermuda bridge.
The most vigorous and significant defense to this action of plaintiff is that urged by the family corporation defendant, Oakland of Cane River, Inc., under the management of Messrs. Kenneth Prud-homme and his brother, J. Alphonse Prud-homme, Jr.
Their defense is mainly that this passageway was nothing more than a turn row *714 or lane which traversed their property (P. Phanor Prudhomme’s property which he inherited from his father whose name also was J. Alphonse Prudhomme) which they suffered the public to use for a period of time. It is their position that there was a locked gate built in 1974 across the “turn row”, that earlier there was a “quarter” gate near the bridge; that from 1971 through 1979 a large fertilizer tank existed across the “turn row” and further they extended an irrigation pipe across the area for about three to four months each year.
Without attempting to resolve each of the disputations raised by the testimony of the various witnesses for the plaintiffs and those of the defendants, this court finds the clear preponderance of the evidence establishes these findings:
From 1919 to 1975 the police jury of Natchitoches parish maintained the subject road on an active and consistent basis, not in a token fashion, for the purpose of affording the owners and inhabitants of property contiguous to the road a means of ingress and egress to the southern limits of what is known as the Nelie Cockfield property, or Metoyer Point, which includes and provides an access to plaintiffs’ property and that the public and contiguous property owners used the road at will as recently as the early part of 1983.
The evidence further establishes that Oakland of Cane River, Inc., acting through its co-managers, J. Alphonse Prud-homme and Kenneth Prudhomme, placed, caused or permitted to be placed in 1983 a manufactured home of a Mrs. Flores across the public road in such manner as to interdict the use of said road by the public; and further, Oakland of Cane River, Inc., or its predecessor owner, placed a gate to which on either side was attached one panel of fence, this placement being on the line between property of Oakland of Cane River, Inc., and that of the contiguous owner to the south (the Brett property) which gate initially was locked; however, subsequently was left unlocked. The mentioned fence panels attached to the gate made no connection to any fence nor served as an enclosure. It was simply an obstruction across the public road. The sole purpose of such gate was to impede travel on the road, although the impediment was without effect.
Oakland of Cane River, Inc. and Jesse E. Brett, Jr. are the only defendants in this action to offer resistance to the demands of the plaintiffs. Otherwise, the courts the issue between the parties could have and would have been amicably resolved.
In accordance with these finds the said road is recognized to be and is declared a public road. The defendant, Oakland of Cane River, Inc. is ordered to remove all obstructions from the public road which this court finds to have been placed there by it, including the manufactured home as now situated and the gate and any and all other obstructions as now existing within 30 days from the time the judgment to be signed in keeping with these reasons for judgment becomes definitive, and is enjoined and prohibited from establishing or reestablishing any obstructions or impediments to the free public use of said road or otherwise interferring with the public use of said road.
In default of Oakland of Cane River, Inc. complying with the judgment to be rendered and signed herein, the Natchitoches Parish Police Jury is ordered to summarily open said road by removing any and all obstructions to public use of said road at the expense of Oakland of Cane River, Inc. in compliance with R.S. 48:512, as amended.
The court finds the obstructions and impediments to the free use of the said public road were placed thereon by Oakland of Cane River, Inc., or through its consent and/or cooperation, all of which brought about this litigation. Therefore, all court costs are assessed against defendant, Oakland of Cane River, Inc.
Natchitoches, Louisiana, this December 27, 1985.
Julian E. Bailes Judge Pro Tempore