559 So.2d 935 (1990)
LINCOLN PARISH POLICE JURY, Plaintiff-Appellee,
v.
Jerry DAVIS, et al., Defendant-Appellant.
R. Atley DONALD, Plaintiff-Appellee,
v.
Jerry DAVIS, et al., Defendant-Appellant.
Nos. 21392-CA, 21393-CA.
Court of Appeal of Louisiana, Second Circuit.
April 4, 1990.
*936 John W. Scott, Alexandria, for defendant-appellant.
R.W. Farrar, Jr., Ruston, for Lincoln Parish Police Jury.
Michael S. Coyle, Ruston, for R. Atley Donald.
Before FRED W. JONES, Jr., NORRIS and LINDSAY, JJ.
LINDSAY, Judge.
These consolidated cases concern a dispute over whether a small portion of property at the end of Lincoln Parish Road 590, providing entry into the property of R. Atley Donald, is a part of the public roadway.
The Lincoln Parish Police Jury filed a petition for declaratory judgment to determine the status of the tract in question. Thereafter, Mr. Donald filed a suit for injunction against the defendants, James R. Davis, Jerry W. Davis and John D. Davis, seeking to prohibit them from obstructing passage along the roadway leading into Donald's property.
The trial court held that the disputed piece of property was part of the public roadway and issued a permanent injunction against the Davises, prohibiting them from obstructing the roadway. The defendants *937 appealed the trial court judgment. For the following reasons, we affirm.

FACTS
The illustration attached to this opinion as an appendix shows the disputed portion of Lincoln Parish Road 590. R. Atley Donald owned the property to the north of Lincoln Parish Road 590. The Davises own property on either side of the road south of Donald's property.
The disputed roadway had been in existence for many years. In 1971, adjoining landowners on the east and west side of the roadway filed a request with the Lincoln Parish Police Jury to make the road a public road from Lincoln Parish Road 59 northwesterly for .6 mile. In this request, the landowners also granted a servitude for the construction of the road. However, the request also stated that the exact location of the road was subject to subsequent agreement. The request provided:
It is understood and agreed that the final location of said requested road will be established and/or agreed upon by the landowners involved and the Lincoln Parish Police Jury of (sic) their representatives.
The police jury agreed and the construction and maintenance of a public road was authorized. The police jury then cleared a sixty foot right-of-way along the road, laid an iron ore base for the roadway and placed gravel on the roadway. It is undisputed that the road was constructed to at least a point .77 of a mile from the intersection with Lincoln Parish Road 59. Thereafter, several times per year, a motor grader operator employed by the police jury performed grading work on the roadway.
The controversy in this case concerns whether the road terminated at .77 mile from Lincoln Parish Road 59 or whether it extended beyond that point to Atley Donald's gate. The disputed piece of roadway is approximately 30 to 50 feet long. This road leads into the Donald property.
Trouble developed in 1974 when the Davises constructed a wire fence across Lincoln Parish Road 590 at the point .77 mile from Lincoln Parish Road 59. Mr. Donald said the Davises told him they wanted the road to end at that point, which was closer to their home so they could keep an eye on activities at the end of the roadway.
According to the Davises, Mr. Donald was having pulpwood cut from his property and the pulpwood trucks were damaging the roadway. However, following negotiations, the Davises agreed to remove the wire fence.
In 1976, the Davises erected fence posts and installed an aluminum gate across the roadway at the .77 mile point, blocking the disputed 30 to 50 foot portion of the roadway leading into the Donald property.
The Davises brought the issue of the roadway before the Lincoln Parish Police Jury in 1977. At that time, the police jury minutes reflect that the road and equipment committee recommended that no action be taken to change or alter the servitude for public use of Lincoln Parish Road 590 from Lincoln Parish Road 59 north to the Donald property line.
The issue was again raised before the police jury in 1986. The issue of hard surfacing Road 590 was raised. The minutes of the public works committee reflect that Jerry Davis agreed to grant a servitude for a "turn-around" at .6 mile from Road 59 if the police jury would abandon the last .17 mile of the road. The public works committee voted to make that recommendation to the police jury. On November 11, 1986, the police jury agreed to abandon .17 mile from the north end of Lincoln Parish Road 590.
However, the public works committee report on January 27, 1987, reflects that the police jury reconsidered that decision and the committee recommended that the full length of Road 590 be reaffirmed as a public road from its intersection with Lincoln Parish Road 59 to the Donald fence. That recommendation was adopted by the police jury on January 28, 1987.
Because the present dispute had arisen, the police jury filed a petition for a declaratory judgment to determine the legal status of the final few feet of the roadway. After *938 the police jury filed its suit for declaratory judgment, Mr. Donald filed suit seeking an injunction to prohibit the Davises from obstructing the roadway. The cases were consolidated and tried together on the merits.
The trial court rendered a lengthy and well-written opinion on June 20, 1988. Judgment was signed on June 30, 1988. The trial court ruled in favor of R. Atley Donald and against the Davises, declaring that Lincoln Parish Road 590 is a public road from its intersection with Lincoln Parish Road 59 to the gate of R. Atley Donald. The trial court based this judgment on its findings that when the road was originally constructed, there was an agreement between Mr. Donald and John Davis that the disputed portion would be included and the public road would extend to the Donald gate. The trial court also ruled that there was a tacit dedication of the disputed portion of the roadway.
The trial court further ruled that the preliminary injunction against the Davises would be made permanent and they were "ordered to remove any and all obstructions from the right of way of Lincoln Parish Road 590 to its intersection with the Donald Gate in order to permit free and unfettered access to the Donald property and to allow continued maintenance of the road by the Police Jury to the Donald Gate."
The Davises appealed, urging numerous assignments of error.

STATUS OF ROAD AS PUBLIC OR PRIVATE
The defendants primarily contend that the area at the end of Lincoln Parish Road 590 was never a public roadway. The defendants claim they never agreed for the road to go to the Donald gate, nor was the road actually built to the gate or maintained as a public road. The defendants raise numerous assignments of error arguing that the trial court misconstrued the evidence and improperly weighed the credibility of witnesses who testified at trial. These arguments are meritless.
The issue of the public or private status of a roadway is a factual question not to be disturbed on appeal absent a showing of manifest error. In the present case, the determination of this factual question rests on an evaluation of witness credibility.
When there is conflicting testimony, the reasonable evaluations of credibility and reasonable inferences of fact by the trial court should not be disturbed on review even though the appellate court may feel its own evaluations and inferences are as reasonable. Ouachita Parish Police Jury v. Wright, 446 So.2d 835 (La.App. 2nd Cir. 1984). A trial court is in the best position to make credibility determinations and findings of fact based upon reasonable evaluations of credibility. These will not be disturbed upon review unless they are clearly wrong. Vermilion Parish Police Jury v. Landry, 485 So.2d 253 (La.App. 3rd Cir. 1986).
The defendants' main argument is that the trial court erred in finding that Mr. Donald's witnesses and evidence were more credible than the testimony and evidence put forth by the defendants. Our review of the record does not show that the trial court erred in its credibility determination.
The defendants argue that the trial court was incorrect in finding that they agreed to allow the road to extend to the Donald gate when the road was originally constructed. In support of this argument, the defendants point to several factors. The disputed area is on Davis property. Mr. John Davis testified that he never gave permission for the road to extend to the gate. He also presented the testimony and affidavits of several residents of the area to the effect that the road never in fact extended to the gate.
To the contrary, Mr. Donald testified that when the road was originally under construction, Mr. John Davis stated that the road should extend to the Donald gate. This testimony was corroborated by that of Mr. Virgil Frazier. Mr. Frazier, a police jury member at the time the road was constructed, testified that there was an *939 agreement that the road would extend to the Donald gate.
Also, when the right of way for the road was cleared, a fence on the Dugdale property, running parallel with the road, had to be moved. The police jury required that landowners involved with the roadway must pay for materials to replace the fence at a new location. Mr. Davis and Mr. Donald discussed this requirement. Mr. Donald agreed to pay for part of the fence replacement. At trial, Mr. Donald filed in evidence a bill and cancelled check showing that he paid a portion of the expense for relocating the fence. This corroborates Mr. Donald's testimony that he was involved with the construction of the roadway and corroborates his assertion that the road was to be built to his gate.
Based upon this evidence, we do not find that the trial court was clearly wrong in finding that, when the road was originally constructed, the defendants agreed that the road would extend to the Donald gate.
The record also supports the trial court's conclusion that there was a tacit dedication of the disputed piece of roadway.
LSA-R.S. 48:491 provides, in pertinent part:
All roads ... which have been or hereafter are kept up, maintained or worked for a period of three years by authority of a parish governing authority within its parish ... shall be public roads or streets....
Tacit dedication requires more than casual or random maintenance of the road. Wise v. Key, 445 So.2d 98 (La.App. 2nd Cir.1984). Occasional "brushing up" or token maintenance will not suffice to establish a tacit dedication. Ouachita Parish Police Jury v. Wright, 446 So.2d 835 (La. App. 2nd Cir.1984); IP Timberlands v. De-Soto Parish Police Jury, 552 So.2d 605 (La.App. 2nd Cir.1989).
Deciding whether a road is public or private is a factual decision; the question of whether a public body has maintained a road so as to amount to a tacit dedication thereof as public, is a question of degree. Sylvester v. St. Landry Parish Police Jury, 461 So.2d 534 (La.App. 3rd Cir.1984).
The issue of public maintenance sufficient to support a tacit dedication is an issue of fact peculiarly within the purview of the trial court. Lambre v. Natchitoches Parish Police Jury, 503 So.2d 712 (La.App. 3rd Cir.1987); Smith v. Mahfouz, 489 So.2d 409 (La.App. 3rd Cir.1986), writ denied 494 So.2d 1181 (La.1986); Mioton v. Mannina, 536 So.2d 793 (La.App. 5th Cir.1988). The appellate court must adhere to the principle that factual conclusions and assessments of credibility by the trier of fact are entitled to great weight. Ouachita Parish Police Jury v. Wright, supra.
Tacit dedication does not require intent of the landowner to dedicate the property when there has been sufficient maintenance without protest. Without protestation by the landowner, he is presumed to have acquiesced therein. Smith v. Mahfouz, supra; Mioton v. Mannina, supra.
In the present case, it is not disputed that Lincoln Parish Road 590 was constructed in late 1971 or early 1972 to a point .6 mile north from Lincoln Parish Road 59. Nor is it disputed that the road was constructed and maintained up to the point .77 mile from Road 59. The question presented is whether the final portion of the road up to the Donald gate, i.e. the last 30 to 50 feet, was sufficiently maintained as a public road continuously for a period of at least three years, thereby causing a tacit dedication. This presents a question of fact.
At trial, the plaintiff and defendants presented conflicting testimony concerning construction and maintenance of the final portion of Lincoln Parish Road 590 up to the Donald gate.
The defendants presented evidence contrary to the plaintiff's position to establish that when the road was constructed in the early 1970's, it was not constructed up to the Donald gate nor was it maintained to that point in the following years. The defendants also presented testimony and affidavits to this effect from several residents of the area.
*940 The defendants presented the testimony of an expert witness, Troy Lowe, who determined that an iron-ore base was not present on the disputed portion of the roadway, indicating a lack of maintenance by the police jury.
The defendants testified that at some time after 1976, when the police jury placed a load of gravel on the disputed portion of the roadway, they objected and convinced the police jury to remove the gravel.
The defendants also presented pictures of the road, as well as a videotape. This evidence was offered to show that trees were not cleared from the right-of-way on the disputed portion of the roadway and to show that this portion appears to be sandy-based, as opposed to the developed portion of the roadway which is iron ore based.
However, the photographs and videotape support the trial court judgment in favor of Mr. Donald. The trees which the defendants claim are on the road right-of-way appear actually to be on Mr. Donald's fence line, off the disputed portion of the roadway. Also, these items of evidence show that there is little difference between the appearance of the undisputed portion of the roadway and that portion of the roadway leading up to the Donald gate.
Mr. Donald presented the testimony of police jury members and employees, indicating that when the road was constructed, the last 30 to 50 feet of roadway up to the Donald gate was included (even though this area was not a part of the original servitude). Also, in the ensuing years, the road was maintained by grading several times per year, and each time, that grading and maintenance included the disputed portion of the road up to the Donald gate.
Mrs. Donald testified that in the early to mid 1970's she frequently traveled the road and frequently observed the parish motorgrader operator grade the road up to the Donald gate. In fact, she testified that if the gate was open, the grader would continue slightly inside the gate.
The evidence presented by Mr. Donald clearly shows that there was a tacit dedication to public use of the disputed roadway. This portion of the roadway was maintained by the Lincoln Parish Police Jury without protest from the Davises from approximately 1971 until some time in 1976.
In addition, we note that the trial court, with the concurrence of counsel, viewed the disputed portion of the roadway. Based upon the other evidence in the record and this first hand observation, the trial court found the road was public up to the Donald gate. There is no manifest error in this finding of fact. Therefore, under LSA-R.S. 48:491, the trial court was correct in finding a tacit dedication of that portion of Lincoln Parish Road 590 extending to Mr. Donald's gate.
In addition, we affirm that portion of the trial court judgment finding that the road had not been abandoned for nonuse.
It is well-settled that nonuse of a strip of land as a public road or street for a period in excess of ten years may result in termination of public use under LSA-C.C. Art. 753.[1]IP Timberlands v. DeSoto Parish Police Jury, supra. However, the public status of the road is not lost by prescription when parties to the suit use the road for access to their property. IP Timberlands v. DeSoto Parish Police Jury, supra.
The record in this case establishes that the police jury has not maintained the disputed portion of the roadway since 1976. However, the failure to maintain was caused by the defendants' action in erecting an obstruction across the roadway. The record also reflects that the Donalds, their lessee, Curtis Dugdale, and pipeline employees who serviced a pipeline on the Donald property continued to use the disputed roadway even after the Davises erected a gate across the road. Therefore, even though the police jury has not maintained that area of the roadway for over 10 years, it continues to retain its status as public.

*941 EXPROPRIATION
Although their argument is not completely clear, the defendants also assert that the trial court erred in finding the disputed area of roadway was public because that ruling, in effect, amounted to an expropriation and deprived the defendants of their private property without proper notice. This argument is meritless.
In Vermilion Parish Police Jury v. Landry, supra, the claim was made that the principle of tacit dedication embodied in LSA-R.S. 48:491 was unconstitutional because it provided for a "taking" without due process of law and without just compensation. The court found that the statute was not unconstitutional. The court reasoned that the tacit dedication contemplated by the statute included some type of knowledge or acquiescence by the landowner in the maintenance performed by the governing authority.
Similarly, in the present case, the requirements of LSA-R.S. 48:491 were met and a tacit dedication of the disputed roadway was achieved. In this case, the maintenance of the disputed area was carried on by the police jury for more than three years. The maintenance occurred on the property of the defendants and close to their home. For more than three years, the defendants made no objection to this action. Therefore, the defendants cannot now object to the application of LSA-R.S. 48:491 and a finding that this small portion of property comprises a part of the public road.

RIGHT OF ACTION
The defendants claim the trial court erred in allowing the plaintiff, R. Atley Donald, to be a party to this litigation. The reasons for this contention include allegations that Lincoln Parish Road 590 does not touch Donald's property, the Donald fence is not on Donald's property, but on the defendants' property, and that Mr. Donald did not need to use Lincoln Parish Road 590 because he had other access to his property. In a supplemental brief, the defendants argue that during this litigation, Mr. Donald sold his property and therefore is no longer an interested party in these proceedings. The defendants argue that the case should be dismissed on this basis. All these arguments are meritless.
Although the defendants never filed an exception of no right of action, we construe these arguments to be in the nature of such an exception under LSA-C.C.P. Art. 927. Such an exception may be noticed by the trial court or an appellate court on its own motion.
However, in this case, the defendants have failed to demonstrate that the plaintiff in fact has no interest in these proceedings.
The fact that Lincoln Parish Road 590 does not "touch" the plaintiff's property does not preclude him from having a justiciable interest in this litigation. Lincoln Parish Road 590 certainly ends in close proximity to the Donald property and according to the plaintiff, provides the most convenient access to the property. According to the plaintiff, other access routes are frequently muddy and impassable.
In Sylvester v. St. Landry Parish Police Jury, supra, it was held that any interested party may challenge the abandonment of a public road by the governing body of a parish or municipality. Applying the same logic, it appears that a party such as the plaintiff who has been traversing a public road to gain access to his property for a number of years and who is then cut off from using the road, is an interested party and has a right of action against the party who obstructs the use of the public road.
The record does show that on October 30, 1989, Mr. Donald sold his property to Gary E. Patterson, reserving one-half of the mineral rights on the property. Mr. Patterson filed a motion to be substituted as a party plaintiff. This court denied that motion on the ground that Mr. Donald retained some interest in the litigation.
On February 23, 1990, this court granted Mr. Patterson's motion to be joined as appellee in the proceedings under LSA-C.C.P. Art. 807. Therefore, defendants' argument that Mr. Donald has no interest and that *942 the case should be dismissed is without merit.

ASSIGNMENTS OF ERROR NOT ARGUED
In their assignments of error, the defendants contend that "the trial court committed reversible error in allowing this matter to proceed to trial on a petition for declaratory judgment when the petition failed to assert the nature of any dispute and failed to set forth any principle of law or fact sought to be declared ..."
The defendants also assert in their assignments of error that the trial court erred in allowing Mr. Donald's wife to testify in violation of the rule of sequestration. Mrs. Donald had been present in the courtroom while other witnesses testified and prior to giving her own testimony. The defendants have failed to brief those assignments or argue them in brief. Therefore, these arguments are deemed abandoned under URCA 2-12.4.

CONCLUSION
For the reasons stated above, we affirm the trial court judgment finding that Lincoln Parish Road 590 is a public road from its beginning at Lincoln Parish Road 59 for its entire length up to the Donald gate and permanently enjoining the defendants from obstructing the roadway.
AFFIRMED, at appellant's costs. *943 
NOTES
[1] LSA-C.C. Art. 753 provides:

A predial servitude is extinguished by nonuse for ten years.