McCLENDON, J.,
dissenting in part.
hi respectfully dissent to the extent the majority concludes that “use of the paved portion of Hanson Road is sufficient to preserve the entire 1992 servitude.” I agree that there was no statutory dedication of Hanson Road, and I also agree that the blacktop portion of Hanson Road was tacitly dedicated by maintenance. However, the tacit dedication only included the blacktop portion of the roadway and did not include the unimproved portion that extended to Mr. Bourque’s property.
Specifically, tacit dedication requires that the road be “kept up, maintained, or worked” by the Parish for a period of three years. LSA-R.S. 48:491(B)(l)(a). While the Parish clearly kept up, maintained, and worked on the blacktop portion, there is insufficient evidence in the *57 record to conclude that it did the same to the unpaved portion.
In support of their position; the majority cites Lincoln Parish Police Jury v. Davis, 559 So.2d 935, 939 (La.App. 2 Cir.1990), where it was undisputed that the Parish maintained a roadway, but issues remained regarding “whether the last 30 to. 50 feet ... was sufficiently maintained as a public road continuously for a period of at least three years, thereby causing a tacit dedication.” The appellate court, noting that the determination was a factual one, concluded that there was no manifest error in the trial court’s determination that the disputed portion had been maintained such that the trial court was correct in finding a tacit dedication of the disputed portion. Id. at 940. Specifically, the evidence reflected that Parish maintained the roadway “by grading ^several times per year, and each time, that the grading and maintenance included the disputed portion of the road.” Id. (Emphasis added.). Moreover, the maintenance occurred from approximately 1971 through 1976, and there was “little difference between the appearance of the undisputed portion of the roadway and [the disputed portion].” Id.
By contrast, there is no evidence in the record before us to establish that the Parish “kept up, maintained, and worked on” the unpaved portion of the roadway at issue. Rather, the majority references-the Parish’s use of the roadway to perform other maintenance, including ■ access to clean a drainage servitude. However, accessing the disputed portion is not keeping up, maintaining, or working on the roadway itself and is not sufficient for a tacit dedication under the plain language of LSA-R.S. 48:491(B)(l)(a).
Accordingly, although use of part of a servitude can preserve an entire servitude, it can only preserve that which has been dedicated. Because the unpaved portion of the roadway at. issue was never dedicated (either statutorily, or tacitly), use'of the paved portion cannot alter its status. The majority legally errs in concluding that the 1992 servitude, although not sufficient for a statutory dedication, ■ can somehow be used to tacitly dedicate the unimproved portion. Therefore, I respectfully dissent in part. • . .. ■